United States Court of Appeals
 for the district of columbia circuit

No. 96-3053 September Term, 1997
 No. 95cr00201-01
United States of America,
 Appellee
 
v.

Marlon Marshall,
 Appellant
 

 Before: Silberman, Sentelle and Garland, Circuit Judges.

 O R D E R

 Upon consideration of appellee's petition for rehearing, it is

 ORDERED that the petition for rehearing is granted in part, to the extent consistent with
the following amendment, and denied in part. It is further

 ORDERED that the opinion filed by the court on January 6, 1998, be amended by
replacing the last paragraph on page 10 of the slip opinion with the following paragraph and
footnote:

 It could be argued that even before trial commenced, the government should have
 realized that the jail visitation records were "material to the preparation of [Marshall's]
 defense" under Rule 16(a)(1)(C). It knew then that Sabrina Shorter could play a
 significant role in its case-in-chief; caller identification equipment revealed that one or
 more of the informant's calls were returned from her residence. It also could be argued
 that the government knew or should have known that the jail visitation records mentioning
 Ms. Shorter would bear more than "some abstract logical relationship to the issues in the
 case." Caicedo-Llanos, 960 F.2d at 164 n.4 (quoting United States v. Ross, 511 F.2d
 757, 762 (5th Cir. 1975)).2 And, as we have discussed above, the fact that the evidence
 was incriminating did not relieve the government of its Rule 16 obligations.

 ______________________
 2 To give rise to a disclosure obligation, the evidence's materiality must, of course,
 be evident to a reasonable prosecutor. The prosecutor need not guess that evidence may
 become material as a consequence of a defendant's not-yet-revealed strategic decisions. 
 Nor must the prosecutor assume that the defense will make false assertions about the
 facts, hence making relevant contrary evidence that would not have been relevant had the
 defense adhered to the truth.

 Per Curiam
FOR THE COURT:
Mark J. Langer, Clerk

Filed on March 6, 1998